

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2007

# Chaidir v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2682

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chaidir v. Atty Gen USA" (2007). *2007 Decisions.* Paper 389.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/389

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2682
_____

DJONI CHAIDIR,
Petitioner
vs.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

ON PETITION FOR REVIEW OF AN ORDER
DATED APRIL 17, 2006 OF THE BOARD OF
IMMIGRATION APPEALS
(BIA No. A96-203-997)
Immigration Judge: Charles M. Honeyman

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 18, 2007
Before:   SLOVITER, SMITH and WEIS, Circuit Judges.
(Filed  September 24, 2007)
_____

OPINION

_____

WEIS, Circuit Judge.

Petitioner is a native and citizen of Indonesia and an ethnic Chinese

Buddhist.  He overstayed his authorization to remain in the United States on a non-

immigrant visa. He sought asylum, withholding of removal, and relief under the Convention Against Torture.

The IJ and the BIA found the request for asylum untimely and held that petitioner did not show extraordinary circumstances or changed circumstances that excused the delay. We lack jurisdiction to review that finding because it does not present a constitutional claim or a question of law. See Jarbough v. Attorney General, 483 F.3d 184, 188-89 (3d Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(D)).

The IJ and BIA also found that petitioner had not suffered past persecution or shown a clear probability of future persecution or a likelihood that he would be tortured if he returned to Indonesia.

Petitioner testified that he had a motorcycle helmet manufacturing business that went bankrupt as a result of economic conditions following the May 1998 riots in Indonesia. The business, however, was not physically damaged during the riots. Petitioner did not provide any evidence that he was personally harassed or subjected to instances of discrimination or violence while he was in Indonesia.

Petitioner also testified that his parents and two siblings remained in Indonesia with little trouble. His parents continue to operate separate businesses. Petitioner described only one incident where his mother was punched after an altercation with a clothes salesperson, which he speculated may have been motivated by race.

2

In sum, petitioner has not provided any evidence of past persecution or a likelihood of future persecution or torture. Our review of the record persuades us that the IJ and the BIA did not err in ordering the petitioner's removal.

Accordingly, the petition for review will be denied.